IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS ANTONIO SATTERFIELD,        )
                                   )
            Plaintiff,             )
                                   )
        v.                         )    1:25CV384
                                   )
CAPTAIN RODNEY CHANDLER, et al.,   )
                                   )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Captain Rodney Chandler of the Person County Sheriff's Department as a Defendant. The caption of the Complaint (Docket Entry 2) also lists "Person Countys' [sic] County Commissioner" as a Defendant, but that person is not otherwise listed or mentioned in the Complaint, which focuses only on Defendant Chandler. It alleges that on September 19, 2022, Defendant Chandler allowed unauthorized police officers to enter the Person County Detention Center to transport or move Plaintiff from one unit of the Detention Center to another and that one of the officers injured Plaintiff's wrists with handcuffs while moving him. It also alleges that Defendant Chandler prevented Plaintiff from filing criminal charges based on the injury and from contacting a witness.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available

2

to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and for failing to state any claim upon which relief may be granted.

As an initial matter, the listing of an unnamed county commissioner in the caption but with no mention of that person in the remainder of the Complaint makes it uncertain as to whether Plaintiff even intended to name a commissioner as a Defendant. However, to the extent he did, the Complaint clearly fails to state any claim. No commissioner is alleged to be directly involved in the events described, which means that the only possible basis for naming a commission would be as an alleged supervisor of the Person County Jail or Sheriff's Department. This would fail, if for no other reason, because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To the extent the Complaint seeks to name a Person County Commissioner as a Defendant, it should be dismissed for failure to state a claim upon which relief may be granted.

As for the claims against Defendant Chandler, Plaintiff previously raised the same or similar claims against Chandler in a prior lawsuit in this Court, Satterfield v. Chandler, 1:22CV995. Those claims were dismissed for failure to state a claim upon which relief could be granted. (Docket Entries 4, 35.) Although claims against another defendant in that case were initially allowed to proceed before later being dismissed without prejudice, the dismissal of the claims against Defendant Chandler was with prejudice. This means that Plaintiff cannot now reraise them in a new case. Not only do they appear to fail for the same reasons as before,

4

but they are barred by the doctrine of *res judicata*. Under the principle of *res judicata*, where "later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" Freeze v. United States, 343 F. Supp. 2d 477, 482 (M.D.N.C. 2004) (quoting In re Varat Enters, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996)). Because Plaintiff bases the current action on the same facts and occurrences and raises essentially the same claims as contained in the earlier case dismissed with prejudice, *res judicata* bars the current case. The Complaint is frivolous and does not set out any claim upon which relief can be granted.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $1.42. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $1.42.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of

2026, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state any claim upon which relief may be granted.

This, the 18th day of June, 2025.

/s/ Joe L. Webster
United States Magistrate Judge

6

Case 1:25-cv-00384-WO-JLW    Document 3    Filed 06/18/25    Page 6 of 6